### HYMAN *v.* BOSTON CHAIR MANUF'G CO.

*(Superior Court of New York City, General Term.  March 2, 1891.)*

1. COVENANTS IN LEASE—DAMAGES FOR BREACH—PLEADING.
   In an action to recover damages for the breach of a covenant for the quiet enjoyment of leased premises, special damages cannot be recovered, unless alleged in the complaint.
2. SAME—MEASURE OF DAMAGES.
   In such case the measure of damages is the value of the unexpired term, less the rent reserved.
3. SAME—OPINION EVIDENCE.
   A witness who testified that he had rented premises, without disclosing the locality, is not competent to testify as an expert as to the value of the unexpired term of a lease. Neither is a witness competent who has rented premises once, some distance from the premises in question.

Appeal from special term.

Eli Hyman sued the Boston Chair Manufacturing Company. The action was brought to recover damages for the breach of a covenant for the quiet and peaceful enjoyment of certain premises leased by the defendant to the plaintiff. The answer was a general denial. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial, plaintiff appeals. For former report, see 11 N. Y. Supp. 52.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Samuel F. Hyman,* for appellant. *James A. Dennison,* for respondent.

TRUAX, J. No special damages were alleged in the complaint. In an action brought to recover damages for a breach of a covenant of quiet enjoyment contained in a lease, the measure of damages is the value of the unexpired term, less the rent reserved. *Mack* v. *Patchin,* 42 N. Y. 167. Certain questions tending to show special damages were rightly ruled out, because special damages had not been pleaded. Plaintiff attempted to show the value of the unexpired term by his own testimony and by the testimony of another witness. This testimony was objected to on the ground that neither of the witnesses had qualified as experts, and the objection was sustained, and the plaintiff duly excepted. This ruling was not erroneous. While it takes but little special knowledge to qualify a witness to testify as an expert, still the witness should have some knowledge of the subject about which he is questioned, in order to entitle him to give an opinion. In this case neither of the witnesses appear to have any knowledge on the subject about which they were questioned. One of the witnesses testified that he had rented premises, but where the premises were, whether in this country or another, did not appear. The other witness testified that he had rented premises once,—and this witness, by the way, was a boy of 16 years of age,—but the premises so rented by him were at some distance from the premises in question; and, moreover, it does not appear whether they were of the same nature as the premises in question or not. Neither one of the witnesses was a competent witness on this point. Judgment and order affirmed, with costs.